Aron Steuer, J.
Reduced to the terms that are material on this motion and putting these terms in their simplest form, the stockholders’ agreement bound the plaintiff to vote her stock for defendant Fisher as a director and bound him to vote his stock for her. Plaintiff sues on this agreement on what has been determined is an action for specific performance.
Defendants move for summary judgment. The agreements (there is a later subsidiary agreement to the main one) provide that either party by giving certain notice may terminate the agreement. Indisputably, plaintiff sent such a notice to Fisher which would terminate the agreement prior to the time for which she seeks to enforce it.
*406 Plaintiff has three reasons why this notice should not bar her action. The first is that this matter was passed on in a motion to dismiss the complaint. Obviously, it could not have been. The notice is not referred to in the complaint nor in the opinion upholding it. It is a matter of defense which was not relevant on the question of whether the complaint stated a cause of action.
The second reason is that plaintiff sent the notice for reasons other than terminating this portion of the agreement. This likewise raises no issue. It is not her intent or purpose that governs, but the effect of her action. Undoubtedly, the notice released her and for certain purposes she meant it to. There is no provision for piecemeal release or termination of the obligations.
Lastly, she says that the notice was ineffective because there was another stockholder, party to the agreement, and she sent no notice to him. She does not deny that this individual had ceased to be a stockholder prior to the time she sent the notice. He had sold his stock to plaintiff’s husband. As her claimed motive for sending the notice was to protect her husband’s interests, this failure to give notice is not significant. Even assuming that the stockholder in question was an independent third party, it is hard to see how her own failure would serve to keep the agreement alive. As it is, even this doubtful question is not presented. Motion granted.